UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH, #267009,

    Petitioner,

                                                        Civil No: 09-CV-10393
                                                        Honorable Arthur J. Tarnow
                                                        Magistrate Judge R. Steven Whalen

v.

NICK LUDWICK, et. al.

    Respondent.
_____/

**OPINION AND ORDER OF SUMMARY
DISMISSAL WITHOUT PREJUDICE**

Petitioner Derrick Lee Smith has filed a *pro se* petition for a writ of habeas corpus. Petitioner is currently incarcerated at St. Louis Correctional Facility in St. Louis, Michigan. Because: (1) Petitioner has not yet exhausted his state court remedies with respect to the claims challenging his state court conviction of two counts of kidnaping and four counts of first-degree criminal sexual conduct; and (2) the claim challenging the condition of his confinement is not properly raised in a habeas petition, the Court will dismiss the petition without prejudice.

**I. BACKGROUND**

Petitioner states that he has been in custody since October 29, 2008. In the petition, Petitioner raises the sole issue of being innocent of the crimes of which he has been convicted. In addition, Petitioner raises a claim related to the conditions of his confinement. Petitioner argues that his access to the law library has been insufficient, and as a result,

*Smith v. Ludwick*
No: 09-CV-10393

he has been precluded from filing state appellate pleadings or an adequate habeas petition.

## II. DISCUSSION

As an initial matter, Petitioner filed his petition pursuant to 28 U.S.C. § 2254. Section 2254 is an appropriate avenue for habeas corpus relief where a petitioner claims to be "in custody pursuant to the judgment of a State court" in violation of the Constitution. 28 U.S.C. § 2254(a). Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*,

*Smith v. Ludwick*
No: 09-CV-10393

912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner admits in his habeas petition that he has not filed any appeals with the Michigan Court of Appeals or with the Michigan Supreme Court, nor has he filed any post-conviction pleadings. (Pet. at 1). Petitioner asserts that it is his lack of access to the library resources which has precluded him from filing state appellate pleadings or a substantive habeas petition. Therefore, Petitioner has failed to demonstrate that he has exhausted his claims in state court.

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court. Similarly, this is not an extraordinary case justifying removal of the case from state court.

In addition, Petitioner also raises a claim related to the condition of his confinement (i.e., denial of proper library access). A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or duration of his confinement" is a civil rights action pursuant to 42 U.S.C. § 1983. *Id.* at 498-99. Therefore, Petitioner's condition of confinement-related claim is not properly raised

3

*Smith v. Ludwick*
No: 09-CV-10393

in a habeas corpus petition.

### III. CONCLUSION

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 29, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 29, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary